61 F.3d 899
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lydia A. BAIDEN, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-2419.
 United States Court of Appeals, Fourth Circuit.
 Argued June 8, 1995.
Decided July 28, 1995.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A94-182-549)
 I.N.S.
 REVIEW DENIED.
 ARGUED: Michael Edward McKenzie, Arlington, VA, for petitioner. Karen Fletcher Torstenson, Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, Washington, DC, for respondent. ON BRIEF: Frank W. Hunger, Asst. Atty. Gen., Mark C. Walters, Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, Washington, DC, for respondent.
 Before HALL and MOTZ, Circuit Judges, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Lydia A. Baiden seeks review of an order of the Board of Immigration Appeals (Board) denying her temporary protected status. Baiden concedes that she is generally subject to deportation from the United States. However, before an administrative law judge, Baiden attempted to establish that she is a citizen of Liberia, a country designated by the Attorney General under the Temporary Protected Status Program. See 60 Fed.Reg. 16163 (1995). In order to qualify for this temporary reprieve from deportation, Baiden produced a Liberian passport and offered testimony from her aunt. The administrative law judge discredited this evidence, as well as Baiden's own testimony, in light of the overwhelming testimonial and documentary evidence produced by the Immigration and Naturalization Service indicating that Baiden's passport and birth records were obtained fraudulently and that she is not a Liberian citizen. Accordingly, the administrative law judge denied Baiden temporary protected status. The Board thereafter dismissed Baiden's appeal and ordered that she be deported. Baiden now appeals the Board's dismissal.
 
 
 2
 We find the Board's thorough and well-analyzed opinion to be supported by substantial evidence in the record. Accordingly, as Baiden's petition for review lacks merit,* we deny the petition and affirm on the basis of the sound reasoning set forth in the Board's opinion. See In re Lydia Afua Baiden, No. Avg-gox-fhr (B.I.A. Aug. 31, 1994).
 
 PETITION FOR REVIEW DENIED
 
 
 *
 All but one of Baiden's challenges raise issues of fact regarding the weight and credibility of the evidence contained in the administrative record. Baiden's remaining challenge raises a legal issue, but is equally lacking in merit. Baiden asserts that the Board erred in ordering that she be deported to an "unspecified" country. However, the Board's order reads, in pertinent part:
 The respondent shall be deported to any country of which she is a subject, national, or citizen if such country is willing to accept her into its territory, and if the government of such country fails to advise the Attorney General or the alien whether it will or will not accept such alien into its territory as provided in section 243(a) of the [Immigration and Nationality] Act, then to any other country to which her deportation is authorized under section 243(a) of the Act.
 In re Lydia Afua Baiden, No. Ayk-nqe-ugs, slip op. at 13 (B.I.A. Aug. 31, 1994). Thus, contrary to Baiden's assertion, the Board did not order her deportation to any "unspecified" country, but rather ordered her deportation to "any country of which she is a subject, national, or citizen ... or to any other country to which her deportation is authorized under ... the Act." This deportation order is sufficiently specific under the Immigration and Nationality Act, see 8 U.S.C. Sec. 1253(a), particularly in light of the fact that the Board was unable to determine conclusively Baiden's citizenship, other than to conclude that she is not Liberian. Moreover, the ultimate decision as to where Baiden should be deported properly rests with the Attorney General. Id. Therefore, the Board's deportation order was neither so vague as to constitute error nor so specific as to infringe on the discretion of the Attorney General.